**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 N. WASHINGTON AVE., P.O. BOX 856
SCRANTON, PA 18501-0856

EDWIN M. KOSIK
JUDGE

TEL. (570) 207-5730
FAX (570) 207-5739

June 14, 2011

TO: ALL COUNSEL OF RECORD

RE: <u>Berneice Kurland v. Foremost, et al., No: 3:10-CV-1278</u>

Dear Counsel:

I have the benefit of your correspondence relating to the discovery issue addressed in the respective letters of June 10th and June 13th; the latter includes attachments of several medical reports.

Based on my experience, a simple conversation between counsel would have resolved this common discovery issue. Regardless, I will do my best.

Defendant's Interrogatories Set II, Interrogatory 4. In reviewing the medical expert reports attached to plaintiff's letter, it is clear that the experts listed the material they reviewed. One exception is the report of David Sedor, M.D. who refers to a CT, "noted previously, 2/1/2010", which was not noted previously nor reviewed by anyone else who listed materials reviewed. I can only allude to an observation credited to someone, "that judges are not like pigs, hunting for truffles buried in briefs...". Defense counsel's suggestion that a statement from plaintiff that "all of plaintiff's medical records have been relied upon..." by the experts would go a long way.

Finally, the discovery deposition of the experts would solve any lingering problems. This would include an inquiry into compensation for the expert's services, the frequency of the experts use, as well as any employment relationship with the counsel offering the expert.

The balance of the disputes over information could have been inquired into during the deposition of plaintiffs. If relevant at trial, the information can be elicited through cross-examination.

EMK/jc